PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALI MOSHIR, | ) | |
| | ) | CASE NO. 4:17CV1490 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OFFICER THAKE, *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 2] |

**I.**

Pending before the Court is *Pro se* Plaintiff Ali Moshir's Motion to Proceed *in forma pauperis* (ECF No. 2). This case has been transferred from the United States District Court for the Western District of New York. *See* Decision and Order (ECF No. 3). Plaintiff, an inmate at the Northeast Ohio Correctional Center ("NEOCC") at the time he filed this *in forma pauperis* civil rights action against Defendants Officer Thake, NEOCC, Corrections Corporation of America ("CCA")/Core Civic, the federal government, the State of Ohio, the NEOCC Warden, Mahoning County, Ohio, and "any and all entity(s) that would be added as involved directly and/or indirectly," challenges the result of a prison disciplinary hearing. ECF No. 1. Plaintiff does not assert any legal claims. Plaintiff does, however, seek one billion dollars in damages. ECF No. 1 at PageID#: 5. For the reasons set forth below, Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is denied, and this action is dismissed without prejudice.

(4:17CV1490)

## II.

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. A prisoner, however, becomes responsible for paying the entire amount of his filing fees and costs from the moment he files the complaint. 28 U.S.C. § 1915(b); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007). When an inmate seeks *in forma pauperis* status, the court need only determine whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

When interpreting the "three strike" language of 28 U.S.C. § 1915(g), the Sixth Circuit has held that "where a Complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998).

(4:17CV1490)

As the language of 28 U.S.C. § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." The imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, at *3 (6th Cir. Mar. 28, 2011). For purposes of determining whether a pleading satisfies this exception, the court considers whether the plaintiff is in imminent danger at the time of the filing of the complaint. *Id.* at *2 (noting that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, No. 06–4472, 2008 WL 3889860, at * 1 (6th Cir. Aug. 20, 2008). Moreover, "[a]llegations that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v. Pentrich*, No. 10-1388, 2012 WL 1700701, at *1 (6th Cir. May 15, 2012).

### III.

Plaintiff has on at least three prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).[1] Because Plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), the Court must decide whether he has adequately pled

---

[1] *See Moshir v. NEOCC, et al.*, Case No. 4:17CV1106 (N.D. Ohio Aug. 31. 2017) (Pearson, J.); *Moshir v. Valentine*, Case No. 4:17CV1459 (N.D. Ohio Aug. 31, 2017) (Pearson, J.); *Moshir v. NEOCC, et al.*, Case No. 4:17CV1480 (N.D. Ohio Oct. 13, 2017) (Pearson, J.).

(4:17CV1490)

that he was under "imminent danger of serious physical injury" at the time his Complaint was filed. In his Complaint, Plaintiff challenges a disciplinary hearing which took place on May 12, 2017. ECF No. 1. Therefore, Plaintiff has not established that he was in any danger of physical harm at the time he filed his Complaint.

**IV.**

Accordingly, Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is denied, and this action is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. If Plaintiff wishes to proceed with this action, he must, within thirty (30) days from the date of this Order, pay the entire filing fee of $400.00. No other documents will be accepted for filing unless Plaintiff pays the filing fee in full. If Plaintiff does not pay the full filing fee within thirty (30) days, this case will be dismissed with prejudice.

IT IS SO ORDERED.

  November 28, 2017                       */s/ Benita Y. Pearson*
Date                                      Benita Y. Pearson
                                          United States District Judge